United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Davis Graham & Stubbs, LLP, and others, Appellants, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-60526-Civ-Scola |
| Soneet Kapila, as Liquidating Trustee, Appellee. | ) ) ) | |

### **Order on Joint Motion for Leave to Appeal**

This matter is before the Court on the Joint Motion for Leave to Appeal filed by the Appellants Davis Graham & Stubbs LLP, S. Lee Terry, Jr. (together, the "Law Firm"), and Grant Thorton LLP (the "Accounting Firm") (collectively, the "Appellants") (ECF No. 1). After careful consideration of the motion, all opposing and supporting submissions, and the applicable case law, the Court **denies** the joint motion (**ECF No. 1**).

**1. Background**

This case involves an appeal from interlocutory bankruptcy orders and is related to two adversary proceedings before this Court arising from the same underlying bankruptcy concerning SMF Energy Corporation. SMF provided mobile fuel services to companies that had fleets of vehicles, either by delivering the fuel to storage tanks, or by directly fueling the vehicles owned by its customer companies. SMF employed a billing practice called incremental volumetric allowance ("IVA"), whereby SMF added a charge for fuel it delivered, by billing certain customers for fuel that the customers did not actually receive. SMF Energy systematically and intentionally overbilled many of its customers. The Law Firm was retained to provide advice and opine upon the legality of the IVA, and the Accounting Firm audited SMF's financial statements. After many years of this billing practice, which continued and expanded throughout the Accounting Firm's tenure, certain SMF directors eventually became aware of the scheme. Ultimately, it was determined that the IVA charge was not lawful, and after eight years of utilizing the billing practice, SMF incurred sufficient unrecorded liabilities to cause its insolvency.

As a result, SMF filed for bankruptcy under Chapter 11 of the Bankruptcy Code. The Appellee is the Trustee appointed to spearhead the liquidation of SMF's assets. In the first adversarial proceeding, the Trustee asserted claims for negligence and accounting malpractice against the

Accounting Firm (Case No. 14-cv-61194), and in the second adversarial proceeding, the Trustee asserted a claim against the Law Firm for legal malpractice (Case No. 15-cv-61016).

The Law Firm prevailed in the adversarial proceeding against it, and thus has sought an award of attorney's fees and costs, which is still pending before this Court, arising from three offers of judgment made to the Trustee pursuant to Florida Statutes section 768.79. The Accounting Firm prevailed upon three of the six claims in the adversarial proceeding against it, and thus contends that it will be entitled to recover attorney's fees and costs arising from one offer of judgment made to the Trustee.[1] The Appellants requested that the Bankruptcy Court give their claims for attorney's fees and costs administrative status and priority for recovery from the liquidating trust in the bankruptcy, which request the Bankruptcy Court denied. (ECF No. 1 at 15-19.) The Bankruptcy Court also denied the Appellants' motion for rehearing or clarification ("Reconsideration Order") (Case No. 12-19084-BKC-RBR, ECF No. 1681).[2]

## 2. Legal Standard

District courts have discretion to hear appeals from interlocutory orders of the bankruptcy courts. 28 U.S.C. § 158(a)(3). "In determining when to exercise this discretionary authority, a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b)." *In re Celotex Corp.*, 187 B.R. 746, 749 (M.D. Fla. 1995) (citing *In re Charter Co.*, 778 F.2d 617, 620 (11th Cir. 1985)). Under this standard, the district court may permit an appeal of an interlocutory order, if it presents (1) a controlling question of law, (2) with respect to which there is substantial ground for difference of opinion, and (3) the resolution of which would materially advance the ultimate termination of litigation. 28 U.S.C. 1292(b); *In re Celotex Corp.*, 187 B.R. at 749. However, even if all of the factors are present in a particular case, a court may still decline to hear the appeal. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). "Interlocutory review is generally disfavored for its

---

[1] Two of the six claims against the Accounting Firm remain. The Trustee asserts that Count 6 asserted against the Accounting Firm is now moot. (*See* Case No. 14-cv-61194, ECF No. 42 ¶ 1.) The Trustee has appealed this Court's rulings in both adversarial cases to the Eleventh Circuit.

[2] Although the Appellants are also seeking leave to appeal the Bankruptcy Court's Reconsideration Order, the Appellants have not attached the order to their motion for leave.

piecemeal effect on cases." *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 823 (S.D. Fla. 2007) (Gold, J.). "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *McFarlin*, 381 F.3d at 1259. Through this lens, the Court considers the instant motion.

### 3. Analysis

At the outset, the Court notes that if the Appellants fail to establish any one of the factors, the Court may deny leave to appeal. *Figueroa*, 382 B.R. at 824. In their motion, the Appellants argue that all three factors are met in this case; however, their assertion is belied first and foremost by their inability to clearly articulate a controlling question of law in this case. "An issue is characterized as a controlling question of law if it deals with a question of 'pure' law, or matters that can be decided quickly and cleanly without having to study the record." *Id.* (citing *McFarlin*, 381 F.3d at 1258, 1260-62).

Indeed, in their motion, the Appellants state that the controlling question of law is, "whether the Bankruptcy Court erred in denying the Motions for Allowance of Admin Claims and whether the Bankruptcy Court could and did make a ruling on the merits of such claims prematurely." (*See* ECF No. 1 at 7.) Upon review, it is difficult to envision any circumstances in which the issue posed by the Appellants could be considered a question of law, and much less, a controlling question of law. Perhaps recognizing this difficulty, the Appellants in their reply characterize the issue as follows – "whether defendants who prevail in adversary proceedings and may recover fees under an applicable state statute are entitled to administrative status and priority for that fees claim." (*See* ECF No. 8 at 4.) While certainly an interesting question, this articulation of the issue fares no better. In order to understand why, the Court examines the two orders of the Bankruptcy Court for which the Appellants seek leave to appeal.

The Bankruptcy Court denied the Appellants' motions for allowance of contingent administrative claims for two principal reasons. First, the Bankruptcy Court determined that because the Appellants had not yet filed motions for attorney's fees and costs, their claims were contingent and too speculative, and in any event, such fees and costs were incurred in the course of defending claims for their own benefit and not to benefit the estate. (*See* ECF No. 1 at 18.) Second, the Bankruptcy Court determined that the Appellants, as interested parties, are bound by the amended joint plan of liquidation of SMF, which excludes such claims. (*See id.* at 19.) Nevertheless, the Bankruptcy Court explicitly stated that the motions were denied without prejudice. (*Id.*)

Thereafter, the Appellants sought reconsideration or clarification of the Bankruptcy Court's order denying their motions. While the Bankruptcy Court ultimately denied the Appellants' request for reconsideration, it did clarify "that the Court entered the Prior Order 'without prejudice' to allow Movants to file a new motion in the future, if the facts as presented change." (Reconsideration Order at 2.) Presumably, the changed facts would include that the Appellants filed and obtained a ruling upon their motions for fees and costs before this Court. The Appellants have now indeed filed those motions, however, they are still pending before this Court.

Even so, it is difficult to comprehend how the Appellants honestly contend that they should be permitted to appeal an order, which the Bankruptcy Court specified not once, but twice, to have been entered without prejudice—meaning that they will have another opportunity for the Bankruptcy Court to consider their claims once such claims are procedurally proper. The Appellants have, at best, misapprehended the Bankruptcy Court's orders. The Appellants fall woefully short of demonstrating that this case involves a controlling question of law; and because there is no controlling question of law, "there can be no substantial ground for difference of opinion among courts." *Amador v. Calderin*, No. 17-23502-Civ-COOKE, 2017 WL 5749580, at *2 (S.D. Fla. Nov. 28, 2017) (Cooke, J.) (internal citation omitted). Even assuming for the moment that the first factor for interlocutory review were satisfied here, the Appellants fail to show that there is a substantial ground for difference of opinion because none of the cases they rely on discuss the existence of terms in a plan of liquidation, nor did the cases involve denials of motions without prejudice. Therefore, the Court need not devote additional precious time in analyzing the remaining factor.

### 4. Conclusion

Accordingly, the Court **denies** the joint motion for leave to appeal (**ECF No. 1**). The Clerk of Court shall **close** this case.

**Done and ordered** at Miami, Florida on June 25, 2018.

Robert N. Scola, Jr.
United States District Judge